United States District Court
Southern District of Texas
**ENTERED**
September 29, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA VILLAREAL BANNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00269 |
| | § | |
| PHH MORTGAGE CORP., | § | |
| | § | |
| Defendant. | § | |

## OPINION

The Court now considers PHH Mortgage Corporation's ("Defendant") motion to dismiss.[1] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I.   BACKGROUND

This is a preemptive foreclosure lawsuit. Irma Villareal Bannon ("Plaintiff") filed suit in state court on July 28, 2022, to prevent a foreclosure sale on August 2, 2022.[2] In her original petition, she alleges common law fraud and requests a temporary restraining order ("TRO") and "actual damages, attorney's fees and costs, and any other relief at law or in equity."[3]

The state court granted Plaintiff's application for a TRO and scheduled a show cause hearing for August 10, 2022.[4] Before that hearing could happen, Defendant removed to this Court.[5]

---

[1] Dkt. No. 7.
[2] Dkt. No. 1-1 at 13-17.
[3] *Id.* at 17.
[4] *Id.* at 22.
[5] Dkt. No. 1.

Defendant filed the instant motion to dismiss[6] pursuant to Rule 12(b)(6)[7] on August 16, 2022, arguing that Plaintiff has failed to state a claim upon which relief can be granted, and that Plaintiff's allegations of fraud fail to meet the heightened pleading standard of Rule 9(b).[8]

## II.   DISCUSSION

### A. Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1332. Plaintiff is an individual living in Texas,[9] and is therefore a citizen of Texas.[10] Defendant is a New Jersey corporation[11] with its principal place of business in New Jersey.[12] Accordingly, the parties are completely diverse.[13]

Plaintiff seeks to prevent a foreclosure sale,[14] and the amount in controversy in this suit is measured by the value of the object of the litigation, the property,[15] which currently has an assessed value of $107,744.[16] Accordingly, the Court agrees with Defendant that jurisdiction is proper under 28 U.S.C. § 1332.[17]

### B. Legal standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[18] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

---

[6] Dkt. No. 7.
[7] FED. R. CIV. P. 12(b)(6).
[8] *Id.* at 9(b).
[9] Dkt. No. 1-1 at 13.
[10] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).
[11] Dkt. No. 1 at 2.
[12] Dkt. Nos. 11, 12.
[13] *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).
[14] Dkt. No. 1-1 at 16.
[15] *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009).
[16] Dkt. No. 1-1 at 32.
[17] Dkt. Nos. 1, 11.
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).

action."[19] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[20] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[21] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[22]

In addition, Rule 9(b) requires that plaintiffs, "[i]n alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "The Fifth Circuit has interpreted [Rule 9(b)] strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[23]

This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[24] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[25] To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[26] The "particularity"

---

[19] *Twombly*, 550 U.S. at 555.
[20] *See id.* at 678–79.
[21] *Id.*
[22] *See id.* at 679–80.
[23] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) and *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).
[24] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[25] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).
[26] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

required by Rule 9(b) also disallows collectivized or group allegations; plaintiffs must delineate which defendant is responsible for which allegedly fraudulent activity.[27] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[28]

      *C. Analysis*

Plaintiff's sole legal basis for her claim is common law fraud.[29] In Texas, the elements of common law fraud are:

1) that a material representation was made;
2) the representation was false;
3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion;
4) the speaker made the representation with the intent that the other party should act upon it;
5) the party acted in reliance on the representation; and
6) the party thereby suffered injury.[30]

Plaintiff's complaint sets out generically all of the elements of common law fraud, including, crucially, that "Defendant represented to Plaintiffs [sic] that the property located at 9219 N 32nd St, McAllen TX 78504 would not be foreclosed upon on August 2, 2022 if [the] loan is brought current or paid off before the date of foreclosure."[31] However, Plaintiff does not identify who made this representation or why it is false. Significantly, Plaintiff does not claim that the loan was brought current or paid off. Plaintiff claims only that she acquired a buyer.[32] As to the remaining elements, Plaintiff simply provides no factual support.

---

[27] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").
[28] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[29] Dkt. No. 1-1 at 15-17.
[30] *Saenz v. Gomez (In re Saenz)*, 899 F.3d 384, 391 (5th Cir. 2018) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)).
[31] Dkt. No. 1-1 at 15, ¶ 14.
[32] *Id.* at ¶ 18.

In sum, Plaintiff fails to provide facts regarding the who, what, when, and where. Therefore, under the heightened pleading standard of Rule 9(b), the alleged representation cannot support a claim of fraud upon which relief can be granted.[33]

### III. HOLDING

Defendant's motion to dismiss is **GRANTED**, and Plaintiff's common law fraud claim against Defendant is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of September 2022.

                                                          Micaela Alvarez
                                          United States District Judge

---

[33] *See Schott,* No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13.